Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Meredith L. Williams (State Bar No. 292888)
mwilliams@rutan.com
Seth M. Jessee (State Bar No. 310983)
sjessee@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff
Brandman University

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDMAN UNIVERSITY, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>EDGENUITY, INC., a Nevada corporation.<br><br>　　　　　Defendant. | Case No. 8:18-cv-1137<br><br>**COMPLAINT FOR:**<br><br>**1.  DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN OR UNFAIR COMPETITION**<br><br>**2.  DECLARATORY JUDGMENT OF PLAINTIFF'S RIGHT TO REGISTER THE BRANDMAN MYPATH MARK**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brandman University ("Plaintiff" or "Brandman") alleges as follows for its Complaint against defendant Edgenuity, Inc. ("Defendant" or "Edgenuity"):

## NATURE OF THE ACTION

1. Brandman seeks a judicial declaration to remove the cloud that Defendant has placed over Brandman's right to use its BRANDMAN MYPATH trademark. Brandman sought a co-existence agreement from Defendant with respect to the parties' respective marks. Defendant rejected Brandman's request and, in response, demanded that Brandman cease all use of its BRANDMAN MYPATH mark. Defendant invoked the language of trademark infringement, thereby creating in Brandman a reasonable apprehension of fear that Defendant will sue Brandman if Brandman continues to use the BRANDMAN MYPATH mark. This action seeks a declaratory judgment that there is no likelihood of consumer confusion and that Brandman is not liable for trademark infringement and/or related claims for relief based on its use of the BRANDMAN MYPATH mark, and that Defendant's MYPATH mark does not serve to block registration of Brandman's mark with the United States Patent and Trademark Office ("USPTO").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this lawsuit because this litigation arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02.

3. The Court has personal jurisdiction over Defendant because Defendant, on information and belief, conducts business in the State of California and within this judicial district, including the sale of services under its MYPATH mark. The Court also has personal jurisdiction over Defendant because the acts giving rise to the conduct complained of herein occurred in California, and adversely affect Brandman, a resident of California in this judicial district.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

because the claims alleged by Defendant arose and are continuing to occur in this district.

5. An actual case or controversy exists between the parties. Defendant has invoked the language of trademark infringement and demanded that Brandman cease use of the BRANDMAN MYPATH mark, thereby giving Brandman a reasonable apprehension of a threat of litigation. Defendant's statements threaten injury to Brandman.

## THE PARTIES

6. Brandman is a private, non-profit, fully accredited university in Orange County, California located at 16355 Laguna Canyon Road, Irvine, California 92618.

7. On information and belief, Defendant is a Nevada corporation with its principal place of business located at 8860 East Chaparral Road, Suite 100, Scottsdale, Arizona 85250.

## FACTUAL ALLEGATIONS

### Brandman's Mark

8. Brandman is a separate, fully-accredited university within the Chapman University system. Brandman offers adult students who are admitted to Brandman self-paced online programs to obtain a fully accredited bachelors or graduate degree.

9. Students who apply to Brandman must provide their high school diploma or GED equivalent, as well as math and English/reading competencies.

10. Brandman owns a federal trademark registration for the BRANDMAN UNIVERSITY mark registered on the Principal Register on May 4, 2010:

| Mark | Reg. No. | Services |
| --- | --- | --- |
| BRANDMAN UNIVERSITY | 3786488 | International Class 41: Educational services, namely, providing online courses at the college and graduate school level using self-directed, non-term, and direct |

| Mark | Reg. No. | Services |
|---|---|---|
|  |  | assessment competency-based education programs. |

11. Brandman also owns an application to register the BRANDMAN MYPATH mark as follows (the "Brandman Application"):

| Mark | Ser. No. | Services |
|---|---|---|
| BRANDMAN MYPATH | 87417855 | Class 41: Educational services, namely, providing online courses at the college and graduate school level using self-directed, non-term, and direct assessment competency-based education programs. Class 42: Platform as a service (PAAS) featuring computer software platforms for delivery of online courses at the college and graduate school level; platform as a service (PAAS) featuring computer software platforms for coordinating programs, namely, live projects featuring experiential learning, and student participation and achievement in such live projects at the college and graduate school level; platform as a service (PAAS) featuring computer software platforms for providing competency-based assessments for evaluating academic achievement and measuring competency in relation to student involvement in experiential learning environments at the college and graduate school level; platform as a service (PAAS) featuring computer software platforms for integration of educational content databases with programs featuring experiential learning and provision of competency-based assessments for evaluating academic achievement and measuring competency in relation to student involvement in experiential learning environments at |

| Mark | Ser. No. | Services |
|---|---|---|
| | | the college and graduate school level. |

12. Brandman's services under the BRANDMAN MYPATH mark are marketed to college level students interested in Brandman's self-paced, online business and IT degree programs to obtain a career-centric bachelor's or graduate degree from Brandman University.

13. The BRANDMAN MYPATH mark is distinctive and serves to identify and indicate Brandman as the source of its online, college-level, competency-based educational services.

14. The USPTO suspended further action on the Brandman Application on or about February 15, 2018 because of Defendant's earlier-filed application for the MYPATH mark.

### Defendant's Marks

15. Defendant owns a federal trademark registration for the mark EDGENUITY MYPATH registered on the Principal Register on October 20, 2015 (the "Edgenuity Registration"):

| Mark | Reg. No. | Services |
|---|---|---|
| EDGENUITY MYPATH | 4837416 | Class 9: Educational software and downloadable educational software featuring individualized coursework and assessments for grades K-12 education in the fields of math and reading. Class 41: educational services, namely, providing individualized on-line courses of instruction featuring assessments in the fields of math and reading for grades K-12 education Class 42: Software as a service (SAAS) featuring educational software for individualized coursework instruction and assessments for grades K-12 education in the fields of math and reading |

16. Defendant also owns an application to register the mark MYPATH (the "Edgenuity Application"):

| Mark | Ser. No. | Services |
|---|---|---|
| MYPATH | 87202343 | Class 41: Educational services, namely, providing individualized on-line courses of instruction featuring assessments in the fields of math and reading for grades K-12 education<br>Class 42: Software as a service (SAAS) featuring educational software for individualized coursework instruction and assessments for grades K-12 education in the fields of math and reading |

17. On information and belief, Defendant's services under the EDGENUITY MYPATH and MYPATH marks (collectively, "Defendant's Marks") are marketed to educators as an online, educational intervention program offering differentiated instruction in reading and mathematics to students in grades K-12 that need help in closing learning gaps.

**Defendant's Conduct Creating a Justiciable Controversy**

18. On October 6, 2017, Brandman sent Defendant a letter noting that the Edgenuity Application was cited against the Brandman Application by the USPTO and requesting a co-existence agreement. The October 6, 2017 Letter is attached as **Exhibit A**.

19. On January 11, 2018, Edgenuity sent Brandman a letter contending that Brandman is infringing Defendant's trademarks and demanding that Brandman cease all use of the BRANDMAN MYPATH mark. The January 11, 2018 letter is attached as **Exhibit B**.

20. In its January 11, 2018 letter, Defendant contends that Brandman is infringing Defendant's trademarks. Defendant asserts that Edgenuity and Brandman "offer services that are – for purposes of trademark law – identical" and "direct

those services at the same consumers." Defendant's letter states that "Brandman's uses of MYPATH, alone and with BRANDMAN, are, respectively, identical or highly similar to Edgenuity's MYPATH mark." The letter further states that "both our clients' consumers – could easily encounter both marks, and confuse them" and this "may therefore constitute trademark infringement . . . the consequences of which are significant." Additionally, the letter states Defendant "must protect the goodwill of its brand and guard against unauthorized use of its marks or similar marks."

21. The January 11, 2018 letter "demands" (i) that Brandman abandon its trademark application, (ii) cease all use of the BRANDMAN MYPATH mark; and (iii) cease use of any domain name that includes MYPATH. The letter also states that Defendant reserves its rights to take any additional action.

22. In subsequent follow up discussions between counsel for Brandman and Defendant, Defendant's counsel continued to maintain that the BRANDMAN MYPATH mark, as used in connection with the services specified in the Brandman Application, is likely to cause consumer confusion with Defendant's Marks.

23. Brandman denied Defendant's assertions of trademark infringement and maintained that its use of the BRANDMAN MYPATH mark does not constitute trademark infringement or otherwise violate Defendant's rights.

24. Brandman sought a co-existence agreement with Defendant, which Defendant rejected on the purported grounds that Brandman's use of the BRANDMAN MYPATH mark in connection with the services specified in the Brandman Application is likely to cause consumer confusion and constitutes trademark infringement.

25. On May 10, 2018, Defendant sent a letter to Brandman confirming its position that it would not enter into a co-existence agreement with Brandman. On information and belief, in an attempt to divest the Court of subject matter jurisdiction to hear this controversy, Defendant's letter states that Defendant "does

1  not plan to sue for infringement of its MYAPTH mark at this time." The May 10,
2  2018 letter is attached as **Exhibit C**.

3      26. Despite its stated intent not to sue Brandman for infringement "at this
4  time," Defendant has not covenanted not to sue Brandman for its use of the
5  BRANDMAN MYPATH mark. Brandman is, therefore, under a cloud as to its right
6  to use the BRANDMAN MYPATH mark given Edgenuity's statements alleged
7  above that Brandman's use the BRANDMAN MYPATH mark is likely to cause
8  consumer confusion and constitutes trademark infringement. *EMMI, Inc. v. Tacori*
9  *Enterprises*, No. CV 08-552 DSF (VBKx), 2008 WL 11338264, at *3 (C.D. Cal.
10 Apr. 3, 2008) ("The statement regarding Defendant's present intention to sue is
11 meaningless, as Defendant could decide to sue at any time in the future."); *Active*
12 *Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. SACV 12-572 JVS (Ex), 2012
13 WL 2951924, at *3 (C.D. Cal. July 16, 2012) (finding a substantial controversy
14 existed where party stated "there is no threat of suit," but did not covenant not to
15 sue); *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938,
16 945 (9th Cir. 1981) ("It is not relevant that [defendant] attempted to withdraw its
17 'threat' after the filing of this lawsuit. We do think it relevant, in the light of the
18 circumstances, that [defendant] has not indicated that it will not sue [plaintiff] for
19 infringement.").

## COUNT I

### For Declaratory Judgment of No Trademark Infringement or Unfair Competition

23     27. Plaintiff repeats and incorporate herein by reference each and every
24 allegation contained in Paragraphs 1 through 26 above, inclusive, as though fully set
25 forth herein.

26     28. Defendant contends that Brandman's use of the BRANDMAN
27 MYPATH mark in connection with the services identified in the Brandman
28 Application is likely to cause consumer confusion, and constitutes trademark

infringement and related claims for relief. Brandman denies these contentions.

29. Defendant's conduct alleged above gives rise to a reasonable apprehension of fear on the part of Brandman that it will face suit under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and/or Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and/or common law trademark infringement and unfair competition, if Brandman continues to use the BRANDMAN MYPATH mark in connection with the services identified in the Brandman Application. Brandman denies having any such liability.

30. Brandman contends that Defendant is not entitled to injunctive relief and/or any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. § 1117 (including but not limited to profits, damages, costs, or attorney's fees) based on Brandman's use of the BRANDMAN MYPATH mark in connection with the services identified in the Brandman Application. On information and belief, Defendant denies these contentions.

31. A justiciable controversy exists between Brandman and Defendant concerning Brandman's use of the BRANDMAN MYPATH mark in connection with the services identified in the Brandman Application.

## COUNT II

**For Declaratory Judgment of Plaintiff's Right to Register the BRANDMAN MYPATH Mark**

32. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 31 above, inclusive, as though fully set forth herein.

33. Brandman contends, and Defendant disputes, that the Brandman Application should proceed to registration because there is no likelihood of consumer confusion arising from Brandman's use of the BRANDMAN MYPATH mark in connection with the services specified in the Brandman Application.

34. Brandman is entitled to a declaration authorizing and directing the

USPTO to find that Defendant's MYPATH mark does not serve to block registration of Brandman's BRANDMAN MYPATH mark in connection with the services specified in the Brandman Application.

## PRAYER FOR RELIEF

WHEREFORE, Brandman requests that the Court declare and enter judgment against Defendant as follows:

1. That Brandman's use of the BRANDMAN MYPATH mark in connection with the services identified in the Brandman Application is not likely to cause consumer confusion, does not constitute trademark infringement, false designation of origin or common law trademark infringement or unfair competition, and does not violate any rights of Defendant;

2. That the USPTO is authorized to and shall find that Defendant's MYPATH mark does not serve to block registration of the BRANDMAN MYPATH mark;

3. Awarding Brandman its attorney's fees, costs, and expenses pursuant to 15 U.S.C. §1117, this case being exceptional; and

4. For Brandman to have such other and further relief as the Court deems just and equitable.

Dated: June 28, 2018

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SETH M. JESSEE

By: */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Plaintiff
Brandman University

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Plaintiff demands a trial by jury on all issues so triable. |

Dated: June 28, 2018

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SETH M. JESSEE

By: _____*/s/ Michael D. Adams*_____
Michael D. Adams
Attorneys for Plaintiff
Brandman University